# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **MICHAEL O. PANSINI et al.,** | : | |
| | : | |
| *Plaintiffs*, | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 17-3948 |
| **THE TRANE COMPANY et al.,** | : | |
| *Defendants*. | : | |

## **M E M O R A N D U M**

PRATTER, J.                                                                                                       MAY 9, 2018

### INTRODUCTION

After their new heating and air conditioning unit did not operate as promised, Michael and Elisa Pansini sued the unit's manufacturer and an intermediate seller for breach of contract and breach of warranty — but not for negligence.

The intermediate seller, Ferguson Enterprises, brought a third-party complaint against Marvin E. Kanze, Inc., the contractor who ultimately sold and installed the HVAC unit. Ferguson alleges that Kanze was negligent in installing the unit, causing it to malfunction.

Now, Kanze has moved to dismiss Ferguson's third-party complaint for failing to state claims for contribution and indemnity. Because Ferguson faces only claims for breach of contract and warranty and does not face a claim for negligence — or for any other tort — the Court dismisses its complaint against Kanze.

### FACTS

In 2014, Michael and Elisa Pansini were shopping for an HVAC unit for their home in Villanova, PA. They allege that a salesman from defendant Ferguson Enterprises persuaded them to buy a new Trane HVAC unit, which he called "top of the line" and the "best system on the market." The Pansinis relied on the salesman's promises and bought the new unit.

According to Ferguson's third-party complaint, the HVAC unit was installed at the Pansinis' home by Marvin E. Kanze, Inc. As the HVAC contractor, Kanze was responsible for designing and installing the HVAC unit. Ferguson alleges that Kanze miscalculated important aspects of the design and installation process, causing the unit to malfunction.

Contrary to the Ferguson salesman's promises — and allegedly due to Kanze's carelessness — the unit was loud, costly, and did not independently control the temperature in each room.

## PROCEDURAL HISTORY

The Pansinis sued Ferguson and unit manufacturer The Trane Company in state court. The defendants removed the case to this Court based on diversity jurisdiction.

Initially, the Pansinis' brought claims sounding in contract, warranty, and fraud. Now that the Court has partially granted a motion to dismiss,[1] the only remaining claims are for various breaches of warranty and contract.

Soon after filing the motion to dismiss that eliminated the fraud-based claims, Ferguson filed a third-party complaint against Kanze. The third-party complaint contains three counts against Kanze: joint and several liability, indemnification, and contribution. In brief, Ferguson alleges that Kanze carelessly installed the HVAC unit. If Ferguson is found liable to the Pansinis in contract, Ferguson contends, then Kanze must also be liable for its carelessness.

Kanze filed a motion to dismiss the third-party complaint, and the Court held an oral argument on April 27, 2018.

---

[1] *See Pansini v. Trane Co.*, No. CV 17-3948, 2018 WL 1172461 (E.D. Pa. Mar. 6, 2018) (Doc. No. 39).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994). Also, the Court must accept as true all reasonable inferences emanating from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or even discount reality. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

ANALYSIS

The question presented in Kanze's motion is straightforward: may a defendant that faces only claims for breach of *contract* and *warranty* bring a third-party complaint for indemnity or contribution based on allegations that a third-party defendant is liable to the plaintiff in *tort*? For the reasons that follow, the answer is no.

This section proceeds in two parts: federal procedural law and state substantive law. First, the Court concludes that Ferguson's third-party complaint has not satisfied Federal Rule of Civil Procedure 14. Second, the Court concludes that the complaint likewise fails to satisfy the substantive state-law requirements of contribution and indemnification.

## I. The third-party complaint does not satisfy Federal Rule of Civil Procedure 14(a)(1).

A defendant may bring a third-party complaint against a nonparty "who is or may be liable" to the defendant "for all or part of the claim" against the defendant. Fed. R. Civ. P. 14(a)(1). In other words, "[a] defendant may not bring in a third party that is solely liable to the plaintiff"; the third party must be directly liable to the defendant. *EQT Prod. Co. v. Terra Servs., LLC*, 179 F. Supp. 3d 486, 492 (W.D. Pa. 2016); *see also Bombardier Transportation Holdings USA, Inc. v. United Chemi-Con, Inc.*, No. 2:16-CV-01903, 2018 WL 1427085, at *3 (W.D. Pa. Mar. 22, 2018) ("A defendant may not assert a third-party claim under Rule 14 against a party that is solely liable to the plaintiff.").

The "claim" in Rule 14(a)(1) refers to the *specific* claim against the defendant — for example, a contract claim as opposed to a tort claim — rather than a *general* claim that the defendant is generally liable to the plaintiff. For instance, in *Foulke v. Dugan*, 212 F.R.D. 265 (E.D. Pa. 2002), a client brought a claim for legal malpractice against a lawyer. The lawyer, in turn, sought to bring a third-party complaint against a corporation. The court rejected this

maneuver under Rule 14, reasoning that the third-party corporation "cannot be liable" for the specific claim of legal malpractice brought against the defendant lawyer. *Id.* at 269. In short, there was "no way" that the third-party corporation could "be held liable for any part of [the lawyer-defendant's] alleged malpractice." *Id.*; *see also Apple Am. Grp., LLC v. GBC Design, Inc.*, 294 F. Supp. 3d 414, 15-CV-325, 2018 WL 948772, at *6 (W.D. Pa. Feb. 15, 2018) ("[T]he the corporation in *Foulke* could not be held liable for all or part of the plaintiff's legal malpractice claim against his attorney.").

Here, by analogy, the Pansinis have alleged specific claims against Ferguson — namely, that Ferguson has committed breaches of contract and warranty. *See* Am. Compl. ¶¶ 116–118 (warranty); *id.* ¶¶ 131–136 (warranty); *id.* ¶¶ 148–153 (contract). But, as counsel for Ferguson acknowledged at oral argument, Ferguson's allegations against Kanze sound not in contract or warranty, but in negligence. To paraphrase *Foulke*, "[t]here is no way that [Kanze] can be held liable for any part of [Ferguson's] alleged [breaches of contract and warranty]" when Kanze's alleged wrongdoing was due to negligence. *See Foulke*, 212 F.R.D. at 269; *cf. Apple Am. Grp.*, 2018 WL 948772, at *6 (distinguishing *Foulke* because there was "no reason why" a third-party defendant facing allegations that sounded in *negligence* "could not be held liable for all or part of" a plaintiff's *negligence* claim against the defendant/third-party plaintiff). Therefore, Ferguson's third-party complaint does not satisfy the requirements of Rule 14.[2]

---

[2] Ferguson may have failed to satisfy Rule 14 in an additional way: by filing its third-party complaint too late. A third-party plaintiff "must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

Here, the Pansinis' amended complaint was filed on October 10, 2017. The Court construed the amended complaint as a motion for leave to file an amended complaint, which it granted on October 18. Ferguson answered in the form of a motion to dismiss on November 1 but did not file its third-party complaint until well over 14 days later on December 6.

Even if the Court gives the same treatment to Ferguson's third-party complaint as was given to the Pansini's amended complaint — that is, even if the Court construes the third-party

## II. Ferguson's third-party complaint does not satisfy Pennsylvania's substantive law of contribution and indemnification.

Even assuming, contrary to the conclusion above, that Rule 14 is satisfied — that is, even if Kanze is liable to Ferguson "for all or part of the claim" against Ferguson — Rule 14 is still merely "procedural in nature" and therefore requires an underlying hook to state substantive law. *See Foulke*, 212 F.R.D. at 269–70; *see also Apple Am. Grp.*, 2018 WL 948772, at *4 (quoting *Herndon Borough Jackson Twp. Joint Mun. Auth. v. Pentair Pump Grp., Inc.,* No. 4:12-CV-01116, 2015 WL 2166097, at *2 (M.D. Pa. May 8, 2015)) ("Rule 14 is procedural in nature, and a party's substantive rights must derive from state law.").

For Ferguson, that hook could take two forms: contribution or indemnification. A third-party plaintiff seeking contribution says to the third-party defendant, "*we* are liable"; one seeking indemnity says "*you* are liable." Thus, contribution is a "fault sharing mechanism," while indemnification is a "fault shifting mechanism." *Sirianni v. Nugent Bros.*, 506 A.2d 868, 871 (Pa. 1986). Contribution is meant for "primary" liability, while indemnification is meant for "secondary" liability. *Builders Supply Co. v. McCabe*, 77 A.2d 368, 370–71 (Pa. 1951). Contribution is appropriate where a third-party plaintiff has been "actively negligent," while indemnification is appropriate where the third-party plaintiff's negligence is merely "imputed." *Kemper Nat'l P & C Companies v. Smith*, 615 A.2d 372, 376 (Pa. Super. Ct. 1992); *see also Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1236 (Pa. 1983) (where a party's "active negligence" is a "contributing factor" to an injury, the party cannot recover indemnity from a joint tortfeasor and must instead seek contribution).

---

complaint as a motion for leave to file a third-party complaint — the Court notes that the decision to grant such leave is within its sound discretion. *See Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 439 (3d Cir. 1971). Because the Court ultimately dismisses the third-party complaint on the merits, it does not decide whether it would deny leave to file the third-party complaint in the first place.

6

Taking both potential hooks in turn, the Court concludes that Ferguson has not stated claims for contribution or indemnification because Ferguson faces contract and warranty claims, while Kanze is alleged to have committed a tort.

### A. *Ferguson has not stated a claim for contribution.*

As a rule, the right to contribution exists only between joint tortfeasors. Contribution "is governed exclusively by statute in Pennsylvania." *Kemper*, 615 A.2d at 379. The statutory scheme provides that the "right of contribution exists among joint tortfeasors," 42 Pa. C.S. § 8324, and defines joint tortfeasors as "two or more persons jointly or severally liable in tort for the same injury to persons or property," *id.* § 8322.

Thus, "a right to contribution arises only among joint tortfeasors." *Foulke*, 212 F.R.D. at 270 (citing *Kemper*, 615 A.2d at 380); *see also Bank v. City of Philadelphia.*, 991 F. Supp. 2d 523, 538 (E.D. Pa. 2014) ("The right to contribution *only* arises among joint tortfeasors."); *Harmelin v. Man Fin., Inc.*, 2007 WL 3085867, at *2 (E.D. Pa. Oct. 17, 2007) ("Contribution is only proper as to joint tortfeasors."); *Herndon Borough Jackson Twp. Joint Mun. Auth.*, 2015 WL 2166097, at *2 ("Contribution is only allowed under Pennsylvania law for torts.").

In this case, Ferguson is not an alleged tortfeasor. Instead, the Pansinis bring claims against Ferguson for breach of contract and breach of warranty. *See* Am. Compl. ¶¶ 116–118 (warranty); *id.* ¶¶ 131–136 (warranty); *id.* ¶¶ 148–153 (contract). In this section, the Court concludes that neither of the Pansinis' claims against Ferguson can support Ferguson's claim for contribution against Kanze. As an addendum, the Court refutes Ferguson's appeal to the equitable nature of contribution.

7

### 1. The contract claim against Ferguson cannot support Ferguson's claim for contribution.

Because contribution is available only for tort claims, it is not available for breach-of-contract actions like the one brought by the Pansinis against Ferguson. *See, e.g.*, *EQT Prod.*, 179 F. Supp. 3d at 493 ("[C]ontribution is not available for breach of contract claims."); *see also Sys., Inc. v. Advanced Envtl. Tech. Corp.*, 552 F. Supp. 2d 515, 520 (E.D. Pa. 2008); *Unique Techs., Inc. v. Micro Stamping Corp.*, No. 02–CV–6649, 2003 WL 21652284, at *3 (E.D. Pa. Apr. 15, 2003); *Higgins Erectors & Haulers, Inc. v. E.E. Austin & Son, Inc.*, 714 F. Supp. 756, 759 (W.D. Pa. 1989); *Bombardier Transportation Holdings USA*, 2018 WL 1427085, at *8; *Apple Am. Grp.*, 2018 WL 948772, at *7; *Atchison Casting Corp. v. Deloitte & Touche, LLP*, 2003 WL 1847665, at *3 (Pa. Com. Pl. Mar. 14, 2003). Thus, Ferguson cannot recover contribution on the basis of the contract claims that the Pansinis have asserted.

### 2. The warranty claim against Ferguson cannot support Ferguson's claim for contribution.

The Pansinis' complaint against Ferguson included not only contract claims, but also claims for breaches of express and implied warranties. As a theoretical matter, a claim for breach of warranty appears to support a third-party claim for contribution. In this case, however, the Pansinis' claim for breach of warranty cannot support Ferguson's claim for contribution because there is a mismatch between Ferguson's alleged breach of warranty and Kanze's alleged negligence.

#### i. *A claim for breach of warranty may, in theory, support a third-party claim for contribution.*

For purposes of contribution, "there is no Pennsylvania appellate decision on whether a claim for breach of implied warranty sounds in tort," as opposed to contract. *See Greiner v. Erie Ins. Exch.*, 57 Pa. D. & C. 4th 312, 2001 WL 1807642, at *5 (Com. Pl. 2001). But two

Pennsylvania trial court decisions, from 1993 and 2001, have held that "a claim for breach of implied warranty [is] an action in tort on which a claim for contribution [may] be premised." *Id.*; *see also id.* at *7 ("[A]n action for breach of warranty may be considered an action in tort for the purposes of contribution."); *Woolf v. Dinbokowitz Marine, Inc.*, 22 Pa. D. & C. 4th 545, 550 (Com. Pl. 1993) ("[A] claim for contribution may be made under a breach of implied warranty theory.").

As laid out by the decisions in *Greiner* and *Woolf*, three reasons justify treating a breach of warranty as a tort for the purposes of contribution.

**First**, the origins of the claim for breach of warranty could justify treating the claim as a tort. "The action for breach of warranty was originally one . . . sounding in tort." *Woolf*, 22 Pa. D. & C. 4th at 547 (quoting *Salvador v. Atlantic Steel Boiler Co.,* 307 A.2d 398, 403 (Pa. Super. Ct. 1973)). Its "roots . . . spring essentially from a tort background." *Id.* at 548 (quoting *Salvador*, 307 A.2d at 403). In Dean William Prosser's vivid phrase, a claim under implied warranty is "a freak hybrid born of the illicit intercourse of tort and contract." *Id.* at 549–50 (quoting *Loh v. Safeway Stores, Inc.*, 422 A.2d 16 (Md. App. 1980)). Because breach of warranty has its origins in tort, it may be treated like a tort for purposes of contribution.

**Second**, the text and purpose of Pennsylvania's contribution statute justify treating breach of warranty as a tort. The Comparative Negligence Act of the Commonwealth of Pennsylvania is agnostic to the specific tort underlying the claim for contribution. The statute, which broadly applies to "persons jointly or severally liable in tort for the same injury," 42 Pa. C.S. § 8322, "is not geared only to negligence situations," *Woolf*, 22 Pa. D. & C. 4th at 548 (citing *McMeekin v. Harry M. Stephens, Inc.*, 530 A.2d 462 (Pa. Super. Ct. 1987)).

9

Thus, "[c]ontribution is available . . . irrespective of the theory by which tort liability is imposed." *Id.* at 548–49. As the Pennsylvania Superior Court has explained, the "focus" of the statute is "the relationship existing between tortfeasors." *Svetz v. Land Tool Company*, 513 A.2d 403, 407 (Pa. Super. Ct. 1986). "It matters not on which theory a tortfeasor has been held responsible for the tort committed against the plaintiff." *Id.* Because the statute is indifferent to the specific tort theory underlying a claim for contribution, a cause of action like warranty — with roots in tort — could suffice.

**Third**, courts outside of Pennsylvania have treated breach of warranty as a tort. Both *Woolf* and *Greiner* cited courts outside Pennsylvania that had allowed a claim for breach of warranty to support an action for contribution. To begin, *Wolfe v. Ford Motor Company*, 434 N.E.2d 1008 (Mass. 1982), held that a Massachusetts statute granting the right of contribution among joint tortfeasors "should be read to include tort-like liability for breach of implied warranty of merchantability." *Woolf*, 22 Pa. D. & C. 4th at 549. *Wolfe* is the most compelling out-of-state decision because it was cited with approval in *Svetz v. Land Tool Company*, 513 A.2d 403 (Pa. Super. Ct. 1986).

Other out-of-state courts include decisions from the Tenth Circuit, Southern District of New York, and state courts in New York and Maryland. *See Greiner*, 57 Pa. D. & C. 4th 312, 2001 WL 1807642, at *6 (citing *In re Jones,* 804 F.2d 1133, 1141–42 (10th Cir. 1986) (a defendant liable for breach of implied warranty is liable in tort for purposes of contribution); *Western Tankers Corp. v. United States,* 387 F. Supp. 487, 491 (S.D.N.Y. 1975) (allowing claim for contribution based on breach of implied warranty under maritime personal injury law); *State University Constr. Fund v. United Tech. Corp.,* 432 N.Y.S.2d 653, 654 (App. Div. 1980) (breach of warranty claim allows corresponding claim for contribution)); *Woolf*, 22 Pa. D. & C. 4th at

549–50 (quoting *Loh v. Safeway Stores, Inc.*, 422 A.2d 16 (Md. App. 1980)) ("[A] claim under implied warranty . . . is a 'claim in tort' under the Uniform Contribution Among Tortfeasors Act.").

\* \* \*

To be sure, two trial court decisions from 1993 and 2001 hardly mark a trend that federal courts in Pennsylvania have felt compelled to follow. *See, e.g.*, *New Prime, Inc. v. Brandon Balchune Constr., Inc.*, No. 3:14-CR-2410, 2017 WL 6419095, at \*8 (M.D. Pa. Dec. 15, 2017) (concluding that a party "cannot be liable for contribution" to another party that was "only accused of breach of warranty").

The Court need not decide whether to follow the reasoning of *Greiner* and *Woolf*. Even assuming that an underlying claim for breach of warranty could support a third-party claim for contribution in theory, the warranty claim against Ferguson does not support Ferguson's claim for contribution here.

> ii. *In this case, the Pansinis' claim for breach of warranty cannot support Ferguson's claim for contribution.*

Even if breach of warranty were enough of a "tort" to support a claim for contribution in theory, Ferguson falters before an additional hurdle in this case: Kanze is not alleged to have committed a breach of warranty. The gravamen of the allegations against Kanze is that Kanze negligently designed and installed the HVAC unit. *See* Third-Party Compl. ¶¶ 23–30. Thus, there is a mismatch between the claim against Ferguson and the allegations against Kanze. Ferguson faces a claim for breach of warranty; Kanze faces what appear to be allegations by Ferguson that Kanze was negligent. Yet Rule 14(a)(1) allows a defendant to bring a complaint against a nonparty only "for all or part of the claim" against the defendant. Fed. R. Civ. P. 14(a)(1).

11

That mismatch — between allegations of negligence and a claim for breach of warranty — dooms Ferguson's action for contribution against Kanze.

### 3. Addendum: Ferguson's appeal to the equitable nature of contribution is unhelpful.

Rather than cite *Greiner* and *Woolf* — the two Pennsylvania trial court decisions holding that a claim for breach of warranty supports an action for contribution — Ferguson relies on general statements about contribution as an equitable remedy. *See, e.g.*, *Puller v. Puller*, 110 A.2d 175 (Pa. 1955) ("[C]ontribution is not a recovery for the tort [committed against the plaintiff,] but the enforcement of an equitable duty to share liability for the wrong done."); *Svetz*, 513 A.2d at 407 ("[A] tortfeasor's right to receive contribution from a joint tortfeasor derives . . . from the equitable principle that once the joint liability of several tortfeasors has been determined, it would be unfair to impose the financial burden of the plaintiff's loss on one tortfeasor to the exclusion of the other. . . . So long as the party seeking contribution has paid in excess of his or her share of liability, it would be inequitable . . . to deny that party's right to contribution from a second tortfeasor who also contributed to the plaintiff's injury.").

But these general, equitable statements do not get Ferguson very far, because courts that make this sort of statement presuppose that both sides were tortfeasors who contributed to the same injury. Here, by contrast, Ferguson is only a tortfeasor if breach of warranty is considered a tort. Even then, the discrepancy between Ferguson's warranty "tort" and Kanze's negligence tort sinks Ferguson's claim for contribution.

### B. Ferguson has not stated a claim for indemnification.

"Under Pennsylvania law, indemnity is available only (1) 'where there is an express contract to indemnify,' or (2) where the party seeking indemnity is vicariously or secondarily liable for the indemnitor's acts." *Allegheny Gen. Hosp. v. Philip Morris, Inc.*, 228 F.3d 429, 448

(3d Cir. 2000) (quoting *Richardson v. John F. Kennedy Mem'l Hosp.,* 838 F. Supp. 979, 989 (E.D. Pa. 1993)). No party has alleged that Ferguson and Kanze had an express agreement to indemnify, so the first pathway is foreclosed.

The second pathway — known as common law indemnity — fails as well. *See Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 530 (E.D. Pa. 2014). Common law indemnity is an "equitable remedy" that applies "where necessary to prevent an unjust result." *City of Wilkes-Barre v. Kaminski Bros., Inc.,* 804 A.2d 89, 92 (Pa. Commw. Ct. 2002).

Common law indemnity requires at least two elements: (1) a preexisting legal relationship between the indemnitor and the indemnitee, and (2) a tort. Thus, the Pennsylvania Supreme Court has spoken of requiring (1) "some legal obligation" that "compel[s]" indemnification, and (2) "damages occasioned by the initial negligence" of the party that owes indemnity. *Builders Supply Co.*, 77 A.2d at 370; *see also Morris v. Lenihan*, 192 F.R.D. 484, 489 (E.D. Pa. 2000) (explaining that common law indemnification is appropriate when a defendant's liability "arises not out of its own conduct, but out of [1] a relationship that legally compels the defendant to pay for [2] the act or omission of a third party.").

The balance of this section takes each element in turn. Although Ferguson and Kanze's participation in the chain of distribution satisfies the "legal relationship" element, the Pansinis' breach-of-warranty claim against Ferguson does not satisfy the "tort" element. Therefore, the Court concludes that Ferguson has not stated a claim for common law indemnity.

### 1. *The "legal relationship" element is satisfied.*

There are three primary examples of the type of legal relationship that can give rise to common law indemnification. First, respondeat superior: an employer or principal may seek indemnification from a careless employee or agent, when liability for the tort of the employee or agent was imputed onto the employer or principal via respondeat superior. *See, e.g.*, *Builders*

13

*Supply*, 77 A.2d at 370; *Morris*, 192 F.R.D. at 489 ("[A]n employer may secure indemnification from a negligent employee."). Second, municipal liability: "a municipality with a duty to ensure that property owners maintain sidewalks may be indemnified by a property owner who failed to maintain a sidewalk that caused an injury to a passerby." *Morris*, 192 F.R.D. at 489; *see also Builders Supply*, 77 A.2d at 370. Third, liability between parties along a chain of distribution: "a retailer has a right of indemnity against a negligent wholesaler or manufacturer." *Morris*, 192 F.R.D. at 489.

Here, only the third type of relationship — between parties along a chain of distribution — is at issue. According to the third-party complaint, Ferguson sold the HVAC unit to Kanze. Kanze, in turn, sold, designed, and installed the unit at the Pansinis' home. In a sense, Kanze was at both ends of the chain of distribution: Kanze was both the manufacturer (in that Kanze *designed* the HVAC unit to fit the Pansinis' home) and the retailer (in that Kanze *sold* the unit to the end users, Michael and Elisa Pansini). As the "intermediate seller of a product," Ferguson may "institute joinder proceedings to bring . . . others in the distribution chain into the litigation as additional defendants." *See Automatic Time & Control Co. v. ifm Elecs., GmBh*, 600 A.2d 220, 222 (Pa. Super. Ct. 1991). Therefore, the "legal relationship" element of common law indemnification is satisfied.

### 2. The Pansinis' breach-of-warranty claim against Ferguson does not satisfy the "tort" element of common-law indemnity.

The *Automatic Time* court elaborated that a defendant may bring a third-party complaint against "others in the distribution chain" when the defendant is alleged to have caused harm "because of negligence in manufacture or design." *Automatic Time & Control*, 600 A.2d at 222. Here, the Pansinis allege not that Ferguson was negligent, but that Ferguson breached its warranties and contract. Ferguson, by contrast, alleges that the HVAC unit malfunctioned

because of the negligence of Kanze. Thus, the question is whether this posture satisfies the second element of common law indemnity — namely, whether Ferguson faces a tort claim.

It does not. To begin, the contract claim against Ferguson does not satisfy the requirements of common law indemnity. "Common law indemnity is a means of restitution to be used by one tortfeasor against another, and *not when the third party plaintiff's liability is based on a breached contract* between it and the original plaintiff." *E. Elec. Corp. of N.J. v. Rumsey Elec. Co.*, No. 08-CV-5478, 2010 WL 2788294, at *2 (E.D. Pa. July 14, 2010) (quoting *Mobile Dredging & Pumping Co. v. City of Gloucester,* No. 04-CV-4624, 2005 WL 1876080, at *4 (D.N.J. Aug. 4, 2005)) (emphasis added); *see also EQT Prod. Co.*, 179 F. Supp. 3d at 493–94 ("Like contribution, common law indemnity is only available for liability sounding in tort and is not available for breach of contract."); *Bombardier Transportation Holdings USA*, 2018 WL 1427085, at *9.

What of the breach-of-warranty claims against Ferguson? Unlike the contribution context, the Court has found no cases stating that a breach-of-warranty claim is enough of a "tort" for purposes of indemnity.

Of the three reasons for treating warranty as a tort in the contribution context, only one applies in the indemnity context. Those reasons, outlined above, are (1) warranty's genesis as a tort-like action; (2) the Pennsylvania contribution statute's text and purpose; and (3) out-of-state decisions. Only the first reason — warranty's tort-like origins — would apply with equal force in the indemnification context. As for the other reasons, the text and purpose of the contribution statute has little to say about the operation of common law indemnification, and the out-of-state decisions do not touch on indemnification.

In arguing that it has stated a claim for indemnity, Ferguson relies on a report and recommendation from the Middle District of Pennsylvania. *See Amco Ins. Co. v. Varish Const., Inc.*, No. 1:09-CV-01813, 2010 WL 3239395 (M.D. Pa. July 15, 2010). But that case involved a claim against the third-party plaintiff for negligence — "failure to discover or correct a defect or remedy a dangerous condition" — not, as here, a claim for breach of warranty. *Id.* at *5. Therefore, Ferguson has not stated a claim for common law indemnity.

## CONCLUSION

For the foregoing reasons, Kanze's motion to dismiss is granted. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE