IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL O. PANSINI et al., | : | CIVIL ACTION |
| *Plaintiffs*, | : | |
| v. | : | |
| | : | |
| THE TRANE COMPANY et al., | : | NO. 17-3948 |
| *Defendants*. | : | |

**MEMORANDUM**

PRATTER, J.                                                                                                                      JUNE 7, 2019

Michael O. Pansini and Elisa Pansini purchased an allegedly defective heating and air conditioning system for their home. They sued. In October 2018, the defendants—the Trane Company, Ingersoll Rand, and Ferguson Enterprises Inc.—filed motions for summary judgment, arguing that the Pansinis' claims (including breach of warranty and breach of contract) should be dismissed because—without expert evidence supporting the claims that the HVAC System is defective or establishing damages—they fail as a matter of law. In response, and without leave from the Court, the Pansinis[1] filed an untimely expert report to try to support their claims and argued that—on the basis of the late report—the motions for summary judgment should be denied.

The Court concluded that the plaintiffs' delay and failure to communicate effectively with the Court and the defendants was not substantially justified and represented a disappointing lack of respect for the applicable rules, policies, and procedures of the Court with respect to pre-trial activities and trial preparation. Nevertheless, the Court held that the exclusion of the expert report was too harsh a sanction. Instead, the Court: (1) admitted the Pansinis' expert report; (2) gave the

---
[1]       Plaintiff Michael Pansini is a lawyer.

1

defendants time to depose the Pansinis' expert at the plaintiffs' expense for counsels' reasonable preparation and attendance at such a deposition and/or have their own experts inspect the HVAC System and submit expert reports; and (3) allowed the defendants to file supplemented motions for summary judgment and/or *Daubert* motions following this additional discovery. The Court also dismissed the Pansinis' breach of contract claims because they were entirely duplicative of their breach of warranty claims.

Now, the Pansinis move for reconsideration or, in the alternative, for an interlocutory appeal. For the reasons outlined in this Memorandum, the Court denies the motion.

## **RECONSIDERATION**

To succeed on a motion for reconsideration, the moving party must demonstrate (1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order; or (3) the need to correct clear error(s) of law or fact or to prevent manifest injustice. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted); *see also In re Loewen Group*, No. 98-6740, 2006 U.S. Dist. LEXIS 200, at *5–6 (E.D. Pa. Jan. 5, 2006) (citation omitted).

The Pansinis do not invoke, much less meet, this standard in their motion for reconsideration. They do not cite any intervening change in controlling law, the availability of new evidence, or any clear errors of fact or law. Rather, the Pansinis argue generally that: (1) monetary sanctions relating to their untimely expert report were unwarranted; and (2) their breach of contract claims should not have been dismissed as duplicative of their breach of warranty claims because their contract claims may involve damages not covered by their warranty claims. The

Court considers whether either of these challenges constitutes a clear error of fact or law, which entails "'a definite and firm conviction that a mistake has been committed,'" or will lead to a manifest injustice. *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

I. **Monetary Sanctions**

The Pansinis argue that the monetary sanctions are unwarranted because "**[a]s Plaintiffs tried to explain to the Court**, both Plaintiff and Plaintiff's counsel had each suffered a very serious, upsetting and most distracting medical condition[]," and because, before the defendants filed motions for summary judgment, the parties had been cooperating on discovery issues. Motion for Reconsideration at 8 (emphasis added). However, as the Pansinis admit, they made these arguments at the initial summary judgment stage, and the Court considered them when it imposed monetary sanctions. *See* March 21, 2019 Memorandum at 9–11 (setting out the timeline of relevant events and stating that "although the Court is of course sympathetic to the plaintiffs and the plaintiffs' counsel for difficult events that may be occurring in their personal lives, their failure to keep the Court and opposing counsel apprised and request an extension was not substantially justified"). A motion for reconsideration "is not properly founded on a request that the Court rethink what it had already thought through." *Pollock v. Energy Corp. of Am.*, 665 Fed. App'x 212, 218 (3d Cir. 2016) (citations and quotations omitted). Therefore, the Court will not grant the Pansinis' motion for reconsideration on these grounds.

The Pansinis also argue that the monetary sanctions imposed by the Court are inappropriate because none of the district court cases cited by the Court in its Memorandum imposed monetary sanctions. Motion for Reconsideration at 6–7. Although not originally cited by the Court, courts in this District have imposed similar monetary sanctions in analogous situations. *See Kremsky v. Kremsky*, No. 16-4474, 2017 U.S. Dist. LEXIS 216489, at *10–11 (E.D. Pa. Feb. 22, 2017)

3

(admitting the plaintiff's untimely served expert report but ordering the plaintiff to cover the costs of the expert's deposition); *Daugherty v. Fruehauf Trailer Corp.*, 146 F.R.D. 129, 131 (E.D. Pa. 1993) ("While we find that exclusion of testimony is too severe a sanction, we do not wish to even hint that we consider plaintiff's behavior acceptable. Therefore, being a matter within our discretion, we will require that plaintiff make his experts available to defendant . . .[, and] plaintiff will be responsible for all the costs involved in deposing these experts."); *see also Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977) (holding that the district court abused its discretion by excluding the testimony of important witnesses for failure to comply with pre-trial orders but noting that "it would have been entirely appropriate for the district court to impose reasonable sanctions").

The Pansinis do not cite any cases suggesting that requiring them to cover the costs associated with their expert's deposition was unreasonable. Likewise, they do not otherwise explain how the Court acted outside the boundaries of Federal Rule of Civil Procedure 37, *see Daugherty*, 146 F.R.D. at 131 ("Rule 37 does not limit our ability to impose sanctions to those requested by the parties"), or its "inherent authority to impose sanctions upon those who would abuse the judicial process." *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3d Cir. 1994) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

Given the plaintiffs' delay and failure to effectively communicate with the Court or with the defendants, the Court could have determined that the proper sanction was to exclude their expert report and dismiss their claims. Instead, like in *Kremsky* and *Daugherty*, the Court admitted the plaintiffs' untimely expert report and ordered them to cover the cost of their expert's deposition. This lesser sanction was well within the Court's discretion and was certainly not a

clear error of fact or law or an injustice. Therefore, the Court will not release the plaintiffs from this obligation.

**II.     Breach of Contract Claims**

The Pansinis next argue that their breach of contract claims should not have been dismissed as duplicative of their breach of warranty claims.[2] Notably, they do not address the cases cited by the Court in dismissing their breach of contract claims. *See Cooper-Booth Transp. Co., L.P. v. Daimler Trucks of N. Am., LLC*, No. 17-3884, 2018 U.S. Dist. LEXIS 69338, at *10–11 (E.D. Pa. Apr. 23, 2018) (dismissing breach of contract claims because they "rest[ed] on the same allegations as the warranty claims, and [were] therefore duplicative") (citations omitted); *Baynes v. George Mason Funeral Home, Inc.*, No. 09-153, 2011 U.S. Dist. LEXIS 59220, at *24 (W.D. Pa. June 2, 2011) (dismissing breach of contract claim as duplicative of a breach of warranty claim); *Pro-Spec Painting, Inc. v. Sherwin-Williams Co.*, No. 16-2373, 2017 U.S. Dist. LEXIS 73207, at *15 (D.N.J. May 15, 2017) (dismissing breach of contract claim because the plaintiff alleged "only that that [the defendant] breached the contract (i.e. the purchase order) by providing a defective product, which is also the basis for the breach of warranty claim"). The Pansinis do not challenge the Court's general authority to dismiss duplicative claims, s*ee e.g. Brown & Brown, Inc. v. Cola*, 745 F. Supp. 2d 588, 626 (E.D. Pa. 2010) (recognizing authority of courts to dismiss duplicative claims) (citing cases); *Giannone v. Ayne Inst.*, 290 F. Supp. 2d 553, 566 (E.D. Pa. 2003) (same),

---

[2]     In a footnote, the Pansinis claim that "the Defendants never raised the issue as to whether the breach of contract claim should be dismissed as it is duplicative of the warranty claims." Motion for Reconsideration at 11 n.1. However, as highlighted by the Court in its Memorandum, the defendants raised this issue during oral argument, and the plaintiffs were permitted additional time to brief all issues discussed. *See* March 21, 2019 Memorandum at 2 n.1; *see also Avco Corp. v. Turn & Bank Holdings, Inc.*, No. 12-1313, 2017 U.S. Dist. LEXIS 77480, at *8 n.16 (M.D. Pa. May 22, 2017) (noting that fairness requires only that "nonmovants have the opportunity to respond to any arguments presented by the movant.") (citation omitted).

5

or set out any additional contract terms allegedly breached by the defendants that are not subsumed within their breach of warranty claims.

Instead, the Pansinis claim that that their breach of contract claims should not have been dismissed because "the damages for breach of contract are potentially more broad and less limiting th[a]n for a breach of warranty claim." Motion for Reconsideration at 9. Specifically, they claim that the damages for breach of warranty claims are limited to "the difference in value between the item the buyer had thought he was receiving and the item he actually received," whereas additional remedies, such as consequential damages, contract rescission, specific performance, or contract reformation, may be available for breach of contract claims. *Id.*

However, a quick review of the relevant law and the Pansinis' Amended Complaint demonstrates that the plaintiffs will not suffer any injustice as a result of the dismissal of their breach of contract claims. First, although the Pansinis correctly note that the measure of damages for breach of warranty claims under Pennsylvania law is "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted," 13 Pa. C.S.A. § 2714(b), they fail to recognize that, "[i]n a proper case[,] any incidental and consequential damages under section 2715 (relating to incidental and consequential damages of buyer) may also be recovered." 13 Pa. C.S.A. § 2714(c); *see also Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004) ("In addition to actual damages, plaintiffs may recover incidental and consequential damages resulting from a breach of warranty.") (citations omitted); *National Controls Corp. v. National Semiconductor Corp.*, 833 F.2d 491, 495 (3d Cir. 1987) ("Pennsylvania . . . permits recovery of consequential damages resulting from breach of warranty or contract by a seller.") (citation omitted).

6

In turn, 13 Pa. C.S.A. § 2715 states that incidental damages resulting from the seller's breach may include: (1) expenses reasonably incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected; (2) any commercially reasonable charges, expenses or commissions in connection with effecting cover; and (3) other reasonable expenses incident to the delay or other breach. Consequential damages may include: (1) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and (2) injury to person or property proximately resulting from any breach of warranty. 13 Pa. C.S.A. § 2715. Specifically, consequential damages pursuant to 13 Pa. C.S.A. § 2715—for both breach of contract and breach of warranty claims—may include costs incurred in removing and replacing faulty equipment. *See Altronics of Bethlehem, Inc. v. Repco, Inc.*, No. 89-4918, 1991 U.S. Dist. LEXIS 9886, at *35 (E.D. Pa. July 15, 1991) ("A probable result of the breach would surely be the necessity of removing the faulting equipment and replacing it with a new system.").[3] Therefore, the plaintiffs are free to pursue incidental or consequential damages pursuant to their breach of warranty claim, and they have not been prejudiced by the dismissal of their contract claims.[4]

Second, the Court has not dismissed the Pansinis' revocation claims. In these claims, the plaintiffs allege that "[t]he nonconformities and repair history of the subject HVAC system

---

[3] Although the Pansinis now argue that the available remedies are limited in a breach of warranty action, they appear to have recognized the availability of incidental and consequential damages for such claims in their Amended Complaint. They stated that, "[a]s a direct and proximate result of Defendants' various breaches of warranty, Plaintiffs have suffered damages, including but not limited to: repair cost; loss of use of the system; loss of value; increased labor costs; . . . [and] incidental and consequential damages." Amended Complaint at ¶¶ 64, 117.

[4] The Court does not comment on the ultimate merits of the plaintiffs' breach of warranty claims or their entitlement to incidental or consequential damages in this case. It does highlight, however, that the analysis concerning such damages under either a breach of contract theory or a breach of warranty theory would turn on Pa. C.S.A. §§ 2714, 2715.

resulting from the breaches of warranty described above have substantially impaired the value of the HVAC System to Plaintiffs." Amended Complaint at ¶¶ 90, 143. They further allege that "these nonconformities cannot be seasonably or ever cured," *Id.* at ¶¶ 91, 144, and request that they be allowed to "revoke acceptance pursuant to 13 Pa. C.S.A. § 2608" and "secure return of the purchase price of the subject HVAC system." *Id.* at ¶¶ 92, 145. Through this claim, the Pansinis have the opportunity to pursue the return of the purchase price, which is exactly what they would be pursuing if they sought rescission in a breach of contract claim.

Finally, the Pansinis did not request specific performance or contract reformation in their breach of contract claims. *See* Amended Complaint at ¶¶ 102, 153. Instead, they requested "money damages as to place them in the position they would have been if the breach did not occur." *Id.* The Pansinis have not explained why these equitable remedies would be appropriate in this case. *See Utils., Inc. v. Blue Mt. Lake Assocs., L.P.*, 121 Fed. App'x 947, 948 (3d Cir. 2005) ("'Specific performance should only be granted where the facts clearly establish the plaintiff's right thereto, where no adequate remedy at law exists, and where justice requires it.'") (quoting *Clark v. Pennsylvania State Police*, 436 A.2d 1383, 1385 (Pa. 1981)); *McNaughton Props., LP v. Barr*, 981 A.2d 222, (Pa. Super. Ct. 2009) ("Under Pennsylvania law, . . . courts may reform written contracts only when its terms do not reflect the intent of the parties to the contract, including in cases of fraud, accident or mistake.") (citing *Kutsenkow v. Kutsenkow*, 202 A.2d 68, 68–69 (Pa. 1964)).

Therefore, the Court concludes that the plaintiffs have not been deprived of any remedies that would otherwise have been available to them pursuant to their dismissed breach of contract

8

claims. As such, there is no clear error of fact or law or injustice, and the Court will deny the Pansinis' Motion for Reconsideration on this issue.[5]

**INTERLOCUTORY APPEAL**

In the alternative, the Pansinis move for interlocutory appeal. To certify an issue for appeal, the Court must find that (1) there is a "controlling question of law"; (2) for which there is "substantial ground for difference of opinion"; and (3) which may "materially advance the ultimate termination of the litigation" if appealed immediately. *Katz v. Carte Blanche Corp.,* 496 F.2d 747, 754 (3d Cir. 1974); *see also* 28 U.S.C. § 1292(b). The Court has discretion under 28 U.S.C. § 1292(b) to decide whether to certify a case for immediate appeal, *Katz,* 496 F.2d at 754, but "the moving party bears the burden of demonstrating that 'exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after the entry of a final judgment.'" *Interwave Tech, Inc. v. Rockwell Automation, Inc.*, No. 05-398, 2006 U.S. Dist. LEXIS 6413, at *15 (E.D. Pa. Feb. 17, 2006) (quoting *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1112 (E.D. Pa. 1992)).

Even if the Court's imposition of monetary sanctions and the dismissal of the Pansinis' breach of contract claims involved "controlling questions of law" (which they do not), there is no substantial ground for difference of opinion as to either of these issues. "Substantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct

---

[5] The Pansinis also note that "it is anticipated that Trane will argue that Plaintiffs' allegations of the warranty do not exist[,]" and that "Trane will argue that Brian McAlear was not its employee and that Trane is not bound by anything that Mr. McAlear said." Motion for Reconsideration at 10. The Pansinis argue that "[i]t is for that reason that the breach of contract claim involving Mr. McAlear as against the Defendants is essential." *Id.* However, if, in fact, Mr. McAlear was not Trane's employee or agent, and Trane is not bound by anything that Mr. McAlear said, it does not matter whether the plaintiffs' case proceeds under a breach of warranty or breach of contract theory because Trane would not be bound by an express warranty *or* a contract allegedly entered into by an independent third party.

legal standard." *Bradburn Parent Teacher Store, Inc. v. 3M,* No. 02-7676, 2005 U.S. Dist. LEXIS 15815, at *12 (E.D. Pa. Aug. 2, 2005) (citation omitted). As for the imposition of sanctions, the Pansinis do not cite any authority suggesting that the Court used the wrong standard in determining whether to sanction the plaintiffs or that the sanction was unwarranted. And as for the dismissal of their breach of contract claims, the Pansinis have not cited any cases challenging the Court's authority to dismiss duplicative claims or supporting their argument that they had more expansive remedies available only for their breach of contract claims. Therefore, there is no substantial ground for difference of opinion.

Moreover, the Pansinis have not established that an interlocutory appeal would advance the termination of the litigation. "Several factors are pertinent in determining whether an immediate appeal would materially advance the ultimate termination of the litigation, including: (1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 600 (E.D. Pa. 2008) (citations and quotations omitted). On the other hand, "where discovery is complete[,] and the case is ready for trial[,] an interlocutory appeal can hardly advance the ultimate termination of the litigation." *Id.* (citations and quotations omitted). In this case, an appeal would not eliminate trial, simplify trial, or trim discovery (which is already complete). Therefore, an interlocutory appeal would not advance the termination of the litigation, and the Court will deny the Pansinis' motion.

## CONCLUSION

For the foregoing reasons, the Pansinis' Motion for Reconsideration or Interlocutory Appeal is denied. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE